**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

TRUMAN 2021 SC9          )
TITLE TRUST,             )
                         )
                         )
                 Plaintiff,   )   C.A. No. N19L-06-063 JRJ
                         )
        v.               )
                         )
DAVID DAVIS,             )
                         )
                 Defendant.   )

Date Submitted:  March 10, 2023
Date Decided:  March 29, 2023

## <u>ORDER</u>

Upon consideration of Plaintiff Truman 2021 SC9 Title Trust's ("Plaintiff")

Motion for Summary Judgment, Defendant David Davis' ("Defendant") response

thereto, and the record in this case, **IT APPEARS THAT:**

(1)    On March 25, 2004, Defendant[1] executed a mortgage ("Mortgage")

with Plaintiff,[2] secured by a promissory note, against real property located at 2137

---

[1] David Davis and Cheryl Ozlanski were co-defendants at the time of filing.  Davis and Ozlanski were co-owners of the Property and co-mortgagors.  Ozlanski alleges that she has not lived at the Property for years and claims that Davis is solely responsible for the Mortgage, and Davis does not dispute this.  *See* Ozlanski Answer ¶ 10, Trans. ID 64344244; Davis Answer, Trans. ID 67093178.  During the pendency of this case, Ozlanski filed a quitclaim deed and successor in interest forms, granting her entire interest in the Property, as well as her rights and responsibilities under the Mortgage, to Davis.  *See* Status Letter, Feb. 10, 2023, Trans. ID 69088682.  On February 10, 2023, Ozlanski was dismissed from the case, leaving Davis as the sole Defendant.  *See* Order Granting Partial Stipulated Dismissal, Trans. ID 69127639.
[2] IndyMac Bank was the nominal mortgagee at the time the Mortgage was executed.  Compl., Ex. F 2-15, Trans. ID 63379713.  On January 10, 2010, IndyMac assigned its interest to OneWest

Veale Road, Wilmington, Delaware 19810 (the "Property").[3]  The note secured a loan of $129,500.00 plus interest to be paid monthly for a period of thirty years but no later than April 1, 2034.[4]  Under the terms of the Mortgage, if Defendant failed to make a payment when due and failed to cure the nonpayment within 30 days thereafter, the mortgagee could accelerate all amounts due and foreclose upon the property.[5]

(2)     Plaintiff sent Defendant notice on January 9, 2019, advising him that the Mortgage was in default due to a missed payment on October 1, 2019.[6]  The

---

Bank, FSB.  *Id.* at 16.  The Mortgage was then subsequently assigned four more times: from OneWest Bank, FSB to Ocwen Loan Servicing, LLC; from Ocwen Loan Servicing, LLC to Ditech Financial, LLC f/k/a Green Tree Servicing, LLC; from Ditech Financial, LLC f/k/a Green Tree Servicing, LLC to New Residential Mortgage, LLC; and from New Residential Mortgage, LLC to Select Portfolio Servicing, Inc. ("SPS").  *See id.* at 17-21.  SPS, the original named Plaintiff, filed the Complaint in this matter.  On April 28, 2022, SPS assigned the Mortgage to Truman 2021 SC9 Title Trust ("TTT"), and on May 12, 2022, SPS filed a "Motion to Amend Plaintiff's Name" asking the Court to amend Plaintiff's name from SPS to TTT, so TTT, as the holder of the Mortgage could proceed under the case.  Pl.'s Mot. to Amend Pl.'s Name, Ex. A, Trans. ID 67613608.  The Court granted the motion on May 18, 2022.  Order Granting Mot. to Amend Pl.'s Name, Trans. ID 67632064.

[3] Compl., Ex. F 2, Trans. ID 63379713.

[4] *Id.* at 3.

[5] The Mortgage states in pertinent part:

> 22.  Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in [the Mortgage] . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration[,] . . . foreclosure[,] . . . and sale of the [p]roperty."

*Id.* at 12.

[6] Pl.'s Mot. Summ. J., Ex. A, Trans. ID 69190034.

2

letter indicated that Defendant could cure the default upon the payment of $4,303.32 on or before February 25, 2019.[7]

(3) On June 19, 2019, Plaintiff filed a *scire facias sur* mortgage action (the "Complaint") against Defendant for failure to make mortgage payments.[8] Defendant filed his Answer on November 15, 2021.[9] In response to nearly all of Plaintiff's allegations, Defendant stated, "[n]o dispute."[10] Accordingly, Plaintiff filed a Motion for Summary Judgment with the Court on February 21, 2023.[11]

(4) Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.[12] The moving party bears the burden of establishing the non-existence of material issues of fact.[13] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[14] In considering a Motion for Summary Judgment, the Court must view the record in a light most favorable to the non-moving party.[15] "The non-movant cannot create a genuine issue

---

[7] *Id.*
[8] Compl., Trans. ID 63379713.
[9] Davis Answer, Trans. ID 67093178.
[10] *Id.*
[11] Pl.'s Mot. Summ. J., Trans. ID 69190034.
[12] Super. Ct. Civ. R. 56(c).
[13] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[14] *Id.* at 681.
[15] *Merrill v. Crothhall-American, Inc.*, 606 A.2d 96, 99 (Del. 1992) (internal citations omitted).

3

of fact with bare assertions or conclusory allegations, but must produce specific evidence that would sustain a verdict in its favor."[16]

(5)     Under Delaware law, a party may seek foreclosure on a claim relating to a mortgage or mortgage agreement through a *scire facias sur* mortgage action.[17] The only defenses available in such an action "are limited to defenses to the mortgagor's obligations under the mortgage."[18] Thus, the only "appropriate defense in a mortgage foreclosure action is a defense that is related to the terms of the mortgage itself."[19]

(6)     The Court finds that there are no genuine issues of material fact in this case. Davis has presented no evidence to show that he did not default on his monthly mortgage payments. In fact, Davis expressly admits that he "[s]topped paying [the] mortgage . . . in October 2018."[20] Davis' evidence showing hardship does not create an issue of material fact; rather, it supports his admission that he stopped paying the mortgage. Furthermore, Davis does not dispute any of the allegations raised by SPS in its complaint, nor does he raise a defense. Davis asks that no judgment be entered

---

[16] *Citimortgage, Inc. v. Stevenson*, 2013 WL 6225019, at *1 (Del. Super. Nov. 26, 2013) (citing *Atamian v. Hawk*, 842 A.2d 654, 658 (Del. Super. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

[17] *J.P. Morgan Chase Bank, Nat'l Ass'n v. Hopkins*, 2013 WL 5200520, at *2 (Del. Super. Sept. 12, 2013).

[18] *B A C Home Loans Servicing LP v. Cunningham*, 2016 WL 5937805, at *4 (Del. Super. Oct. 11, 2016) (quoting *McCafferty v. Wells Fargo Bank, N.A.*, 2014 WL 7010781, at *2 (Del. 2014)).

[19] *Id.*

[20] Davis Answer ¶ 10; *see also* Davis Resp. ¶ 10, Trans. ID 69610859.

4

against him because his default was due to personal and business hardships.[21] Accordingly, under the express terms of the mortgage, SPS was authorized to accelerate the Mortgage and foreclose upon the property.

(7)     Viewing the record in a light most favorable to Davis, there is no genuine issue of material fact in dispute, and therefore, TTT is entitled to judgment as a matter of law.  For the foregoing reasons, Plaintiff Truman 2021 SC9 Title Trust's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED**.

___/s/ Jan R. Jurden___
Jan. R. Jurden, President Judge

Original to Prothonotary

---

[21] Davis Answer; *see also* Davis Resp.

5